**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 25, 2013

Lyle W. Cayce
Clerk

No. 12-40758
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LESLEY CAROLL BEENE,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 2:11-CR-3-1

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Lesley Caroll Beene appeals from his jury verdict conviction and sentence for bank fraud (Count One) and making a false statement to a bank (Count Two). He argues that the evidence produced at trial was insufficient to support his convictions because the Government failed to prove beyond a reasonable doubt that he had the requisite intent to commit bank fraud as to Count One or that he caused the false entry in his loan application as to Count Two. Because he preserved these challenges by moving for a judgment of acquittal after the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Government rested and at the close of all evidence, we review these challenges de novo. *See United States v. Grant*, 683 F.3d 639, 642 (5th Cir. 2012).

Viewing the evidence in the light most favorable to the Government, a rational jury could have found beyond a reasonable doubt that Beene had the requisite intent to commit bank fraud in Count One and caused the false entry in his loan application in Count Two. *See United States v. Lopez-Moreno*, 420 F.3d 420, 437-438 (5th Cir. 2005). The judgment of the district court is therefore affirmed on this basis.

Beene contends that the district court clearly erred by including the $150,000 loan at issue in Count Two and various other loans as relevant conduct. He also asserts that the district court should have calculated the total loss based upon actual loss and should not have applied the two-level adjustment pursuant to U.S.S.G. § 2B1.1(b)(15)(A). We review the sentence for reasonableness, applying the abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). We review the district court's interpretation or application of the Sentencing Guidelines de novo and its factual findings for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

The district court did not commit clear error by including as relevant conduct the intended loss from Beene's home equity loan from Cypress Bank, as well as the losses from his loans from Quicken Loans, 1st Bank and Trust, and Bowie County Equipment. The district court was entitled to rely upon the presentence report's findings regarding those loans because they were based upon sufficiently reliable information, and Beene did not rebut those findings or show the information was unreliable. *See United States v. Rose*, 449 F.3d 627, 633 (5th Cir. 2006). Moreover, the district court properly calculated the total loss based upon the intended loss. *See U.S.S.G.* § 2B1.1, comment. (n.3(A)). However, as conceded by the Government, the district court committed clear error by including the entire $598,613.91 consolidated loan amount from Cypress

Bank as relevant conduct. Of that consolidated loan amount, $150,000 was derived from the loan at issue in Count One and was therefore properly included in the loss total. However, the remaining $448,613.91 was derived from four other loans, and the presentence report did not specify the basis for including those loans or the entire consolidated loan as relevant conduct. If that $448,613.91 had been excluded from the loss total attributable to Beene, the applicable guideline range would have been 33 to 41 months of imprisonment due to the lower total loss amount for purposes of U.S.S.G. § 2B1.1(b)(1)(H) and the lack of an adjustment under § 2B1.1(b)(15)(A). Because the Government concedes that the district court would not have imposed the 54-month sentence of imprisonment notwithstanding the error, the error was not harmless. *See United States v. Delgado-Martinez*, 564 F.3d 750, 753 (5th Cir. 2009).

Accordingly, we vacate Beene's sentence and remand this case for resentencing consistent with this opinion.

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.